**Ibrahima DIALLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2579–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Parker Waggaman, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan J. Steele, Assistant United States Attorney, Chief, Civil Division, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Ibrahima Diallo, a citizen of Guinea, seeks review of an April 26, 2005 order of the BIA affirming the December

18, 2003 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ibrahima Diallo,* No. A 95 362 612 (BIA Apr. 26, 2005), *aff'g* No. A 95 362 612 (Immig. Ct. N.Y. City Dec. 18, 2003).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the IJ found Lin's testimony incredible because of the following inconsistencies between Lin's testimony and his asylum application, asylum interview, and the background evidence in the record: (1) Diallo testified that his father was killed in Guinea while being detained by the Government, yet he failed to mention his father's detention and killing when asked specifically in "Part C" of his asylum application, question three, whether "you or any other family members were ever mistreated by the government"; (2) Diallo testified that he became a member of the UPR in March 1997 and submitted an UPR membership card into the record, dated March 1997, yet the background evidence in the record indicates that the UPR was not formed until September 1998; and (3) Diallo testified that he was detained by the government from November 10, 1998 until December 23, 1998, yet at the asylum interview Diallo stated that he was detained for only 13 days. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's

ruling. *Zhou Yun Zhang,* 386 F.3d at 74. Moreover, although the IJ could have accepted Diallo's explanations for the inconsistencies, the IJ was not compelled to do so. *See id.*

Diallo has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). In any event, the adverse credibility determination precludes all of Diallo's claims for relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.